FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 10 2014

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CHEVY OLDS**                                                    **PLAINTIFF**

VS.                        NO. 4:14-CV-021 BSM

**STATE FARM INSURANCE COMPANY;
STATE FARM INSURANCE FIRE AND
CASUALTY COMPANY; STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY; STATE FARM INSURANCE
COMPANIES; AND JOHN DOES 1-3**                                   **DEFENDANTS**

This case assigned to District Judge Miller
and to _____

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§1441 and 1446, State Farm Insurance Company, State Farm Insurance Fire and Casualty Company, State Farm Mutual Automobile Insurance Company, and State Farm Insurance Companies ("State Farm") give notice of the removal of this action from the Circuit Court of Pulaski County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Western Division. Removal jurisdiction based upon diversity of citizenship, 28 U.S.C. §1332, is demonstrated by the following:

1. This action was commenced by the filing of a Complaint in the Circuit Court of Pulaski County, Arkansas, Civil Division, on September 20, 2013, and was assigned Case No. 60CV-13-3772. A copy of the Complaint and Summons, constituting all documents served upon Defendants in connection with this cause, are attached hereto as Exhibit A.

2. State Farm is an Illinois corporation with its principal place of business located in the State of Illinois.

3.  Plaintiff, Chevy Olds, is a citizen and resident of Pulaski County, Arkansas.

4.  This is a civil action in which Plaintiff seeks damages in an amount in excess of $75,000, and a 12% penalty and attorney's fees pursuant to Ark. Code Ann. § 23-79-208. Accordingly, Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs, the amount required for federal diversity jurisdiction.

5.  Therefore, this action is one over which a federal district court has original jurisdiction because there is complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332, and this case is removable under 28 U.S.C. § 1441(a) under the procedures set forth in 28 U.S.C. § 1446.

6.  Defendants have given written notice of this removal by filing copies of this notice of removal with the Circuit Clerk of Pulaski County, Arkansas, and by mailing copies of the Notice of Removal to Plaintiff's attorney.

7.  No admission of fact, law or liability is intended by the filing of this notice, and all defenses, motions and pleas are expressing reserved.

WHEREFORE, Defendants, State Farm Insurance Company, State Farm Insurance Fire and Casualty Company, State Farm Mutual Automobile Insurance Company, and State Farm Insurance Companies, give notice that this case has been removed from the Circuit Court of Pulaski County, Arkansas, Civil Division, to the United States District Court for the Eastern District of Arkansas, Western Division.

Respectfully submitted,

JOHN E. MOORE
MUNSON, ROWLETT, MOORE
 AND BOONE, P.A.
400 W. CAPITOL AVENUE, SUITE 1900
LITTLE ROCK, AR 72201
501/374-6535; 501/374-5906 FAX
john.moore@mrmblaw.com

BY: _/s/ John E. Moore_____
     JOHN E. MOORE       82111

## CERTIFICATE OF SERVICE

I, John E. Moore, certify that a copy of the foregoing Notice of Removal was sent via U.S. mail this _10th_ day of January, 2014, to:

Robert R. Cortinez, II
Attorney at Law
P. O. Box 217
Little Rock, AR 72203

_/s/ John E. Moore_____
JOHN E. MOORE

3

DEC. 17. 2013  4:22PM    STATEFARMM INS/SIU                    NO. 870   P. 6/33

ELECTRONICALLY FILED
2013-Sep-20 10:55:06
60CV-13-3772

# THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION
### DIVISION _____

| | |
|---|---|
| CHEVY OLDS | PLAINTIFF |
| VS. | CASE NO. _____ |
| STATE FARM INSURANCE COMPANY | |
| STATE FARM INSURANCE FIRE AND CASUALTY COMPANY; | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; | |
| STATE FARM INSURANCE COMPANIES; | |
| and JOHN DOES 1-3 | DEFENDANTS |

## COMPLAINT

COMES now the Plaintiff, Chevy Olds, by and through his attorney, Robert R. Cortinez II, and for his Complaint will state as follows:

### I. PARTIES TO THE CLAIM

1. Plaintiff, Chevy Olds, is, and has been at all times stated herein, a resident of North Little Rock, Pulaski County, Arkansas.

2. At the same time of the incident, Defendants, State Farm Insurance Company, State Farm Insurance Fire and Casualty Company, State Farm Mutual Automobile Insurance Company and State Farm Insurance Companies (hereinafter collectively referred as " State Farm" ) is/are a foreign company(ies) authorized to operate under the laws of the state of Arkansas and do business in Arkansas. Agent for Service is John Wells, 4600 East McCain Blvd, North Little Rock, Arkansas.

3. All facts herein complained of occurred in North Little Rock, Pulaski



DEC. 17. 2013  4:23PM    STATEFARMM INS/SIU                                NO. 870   P. 7/33

County, Arkansas

4. John Does 1-3 are persons or corporations whose identities cannot be identified at this time being and are being included under a John Doe Affidavit as persons, employees or corporations who may be responsible in part or whole for Plaintiff's damages as complained herein. Attached hereto as *Exhibit A* is an *Affidavit* filed in accordance with Ark. Code Ann. § 16-56-125. The Plaintiff will amend his *Complaint*, if necessary, to specifically name the proper individual Defendants as they are further identified.

## II. STATEMENT OF JURISDICTION

5. This Court is a court of proper jurisdiction pursuant to Ark. C. Ann. §16-13-201 (Michie 1987).

76. This Court is a court of proper venue pursuant to Ark. C. Ann. §16-60-112 (Michie 1987).

7. This claim is also brought pursuant to this Court's jurisdiction over a breach of contract claims.

## III. STATEMENT OF THE CASE

8. State Farm sold two insurance policies to Defendant identified as polices No.: 04-C6-8278-2 and No.: 0770-335-04. Said policies provided theft and contents coverage. Said policies were in full force and effect at all times pertinent to this litigation. A copy of the declarations page has been requested from "State Farm"

and will be supplemented upon receipt. *See Exhibit "B" attached hereto.* Plaintiff is entitled to recovery benefits from "State Farm" on the terms and conditions of the policy agreement.

9. On or about April 24, 2010, Plaintiff's 2008 Mitsubishi Eclipse was stolen from the parking lot of the apartment complex were Plaintiff resides.

10. Subsequently, Plaintiff was notified by authorities that the insured vehicle was found burning on Broadway Avenue in Little Rock, Arkansas.

11. At the time of the incident herein, Plaintiff had in full force and effect with "State Farm" policies of insurance as identified hereinabove covering the subject vehicle with policy limits sufficient to make reimbursement to Plaintiff for his loss. Copies of the certified policies and declarations pages have been requested from "State Farm" and will be supplemented to this pleading.

12. Pursuant to and consistent with the terms of Plaintiff's insurance policies, Plaintiff timely notified a representative of "State Farm" of the loss and claim.

13. After an extensive and exhaustive investigation conducted by "State Farm" said Defendants without just cause, basis or explanation denied Plaintiff the benefits due him under the terms of his contract with Defendants.

14. The notice from "State Farm" refusing and denying payment of the claims are reflected in correspondence dated September 22, 2010 and September 23,

2010. A copy of said letters are attached hereto and incorporated herein as Exhibit "C" and "D", respectively.

## IV. BREACH OF CONTRACT

15. Under the terms of the insurance policies identified herein, Defendants were contractually obligated to specifically cover the claims made by Plaintiff for types of losses Plaintiff sustained to his stolen vehicle, and, further, compensate him for those losses in an amount not to exceed the limits of said polices.

16. Plaintiff timely complied with the claim notice requirements and submission of proof of loss as required under the terms of the policies, and further, fully cooperated with Defendant's investigation of the claims, to wit: Plaintiff was subjected to and required to submit to an examination under oath by Defendants.

17. Defendants have refused and denied Plaintiff's claims for loss without just cause and are thus in breach of their contractual agreements with Plaintiff. *See Exhibits "C" and "D", respectively.*

## V. BAD FAITH

18. Defendants' denial of Plaintiff's contractual claims for loss as clearly provided for under the terms of the subject insurance policies were affirmative in nature without just cause or basis. Additionally, Defendant's affirmative conduct in the denial of said claims was dishonest, oppressive or malicious.

19. Accordingly, Plaintiff is entitled to compensatory and punitive

damages for Defendants' tort of "Bad Faith" as cognizable under Arkansas law.

## VI. DAMAGES

20. As a result of Defendant's breach, Plaintiff has incurred damages for the total and complete loss of the insured vehicle and contents therein as follows:

a) Compensatory damages for vehicle, contents and other out of pocket expenses incurred by the Plaintiff in the past and reasonably certain to be incurred in the future due to the subject loss;

b) Incidental and consequential damages incurred by Plaintiff;

b) Damages for mental anguish visited upon Plaintiff due to State Farm's denial of his claim and their actions in "Bad Faith";

c) Punitive damages; and,

d) Attorney's fees, costs, statutory penalties and interest as allowed by law.

## VII. JURY TRIAL

21. Plaintiff demands a trial by jury.

## VIII. RESERVATION TO AMEND

22. Plaintiff specifically reserves his right to liberally amend this pleading.

**WHEREFORE**, Plaintiff, Chevy Olds, prays for judgment against Defendants for damages incurred as a result of Defendants' breach of contract, including, but not limited to, all incidental and consequential damages; for damages in excess of minimum amounts required in federal diversity jurisdiction actions; for

damages for mental anguish; for punitive damages; for statutory penalties and interest as allowed by law; for attorney's fees and costs now and in the future incurred, and, for all other just, proper and equitable relief to which he may be entitled. Plaintiff further demands a trial by jury.

                                      Respectfully submitted,

                                      CHEVY OLDS

                                      By: Robert R. Cortinez II (No.91117)
                                      Law Office of Robert R. Cortinez II
                                      Attorney for Plaintiff
                                      P.O. Box 217
                                      Little Rock, AR 72203
                                      (501)372-6000 (Office)
                                      (501) 372-4033 (Fax)

THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

CHEVY OLDS                                                            PLAINTIFF

VS.                                    CASE NO.

STATE FARM INSURANCE COMPANY                                          DEFENDANT
STATE FARM INSURANCE FIRE AND CASUALTY COMPANY;
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY;
STATE FARM INSURANCE COMPANIES;
and JOHN DOES 1-3

### AFFIDAVIT OF ROBERT R. CORTINEZ II, ATTORNEY AT LAW

I, Robert R. Cortinez II, The Law Office of Robert R. Cortinez II, or lawful age, being fully duly sworn, upon my oath, state the following:

1. My name is Robert R. Cortinez II, Arkansas Bar No. 91117. I practice law in The Law Office of Robert R. Cortinez II, located in Little Rock, Arkansas, and I am the attorney of record in this case.

2. At the time of the filing of Plaintiff's Complaint in the above-styled action, the identity of John Doe 1-3 is unknown.

3. This Affidavit is being filed with Plaintiff's Complaint pursuant to Arkansas Code Ann §16-56-125.

Robert R. Cortinez II, Ark Bar # 91117
The Law Office of Robert R. Cortinez, II
P.O. Box 217
Little Rock, AR 72203
(501) 372-6000
Fax No.: (501) 372-4033



## VERIFICATION

STATE OF ARKANSAS)
                 ) ss.
COUNTY OF PULASKI)

SUBSCRIBED and sworn to before me this 20 day of September 2013.

_Tracy Page_
NOTARY PUBLIC

My Commission Expires:

TRACY PAGE
Notary Public-Arkansas
Pulaski County
My Commission Expires 30-25-2022
Commission # 12390582

DEC. 17. 2013  4:26PM    STATEFARMRM INS SIU                                  NO. 870    P. 14/33

# The Cortinez Law Firm
## Attorneys at Law

900 West 4th Street　　　　Office: (501) 372-6000　　　　Robert R. Cortinez, II
Little Rock, AR 72201　　　Facsimile: (501) 372-4033　　　cortinezlaw@hotmail.com
　　　　　　　　　　　　　Toll Free: (866) 440-0425
Mailing Address:　　　　　　　　　　　　　　　　　　　of counsel
P.O. Box 217　　　　　　　　　　　　　　　　　　　　Bob Cortinez, Sr.
Little Rock, AR 72203

September 4, 2013

State Farm Insurance
Attn: Kendra
　　　　　　　　Via Fax No.: 800-784-7674 & 800-726-4093

Re:　Chevy Olds
　　　Date of Loss: 04-24-10
　　　Claim No.: 04-1765-554 & 04-E145-486

Dear Kendra:

　　At your earliest convenience please send a complete copy of Mr. Chevy Olds' policy of insurance with your company.

　　　　　　　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　　　　　　　Robert K. Cortinez, II



**State Farm Mutual Automobile Insurance Company**
Home Office, Bloomington, Illinois 61710

September 22, 2010

Mr. Chevy Olds
c/o Robert Cortinez
Cortinez Law Firm
1116 Garland Street
Little Rock AR 72201-1215

Special Investigative Unit
State Farm Insurance Companies
P.O. Box 3649
Tulsa OK 74101-3649

RE: Claim Number: 04-1765-554
    Policy Number: 0770-335-04B
    Insured Vehicle: 2008 Mitsubishi Eclipse
    Date of loss: April 24, 2010

Dear Mr. Olds:

At this time our investigation has reached a point in which we believe we have sufficient information to advise you of our decision regarding your claim.

Please be advised that State Farm Mutual Automobile Insurance Company must respectfully deny your claim for the alleged theft of your vehicle. Our denial of your claim is based upon the following:

*Based on our investigation, we believe it to be unlikely that a theft loss occurred.*

Please refer to the following policy language (Form 9818A):

### PHYSICAL DAMAGE COVERAGES

*Loss* means:

1. direct, sudden, and accidental damage to;
2. total or partial theft of

a *covered vehicle*

Exclusions

THERE IS NO COVERAGE FOR:

1. ANY COVERED VEHICLE THAT IS:

    a. INTENTIONALLY DAMAGED; or
    b. STOLEN

    BY OR AT THE DIRECTION OF AN *INSURED*;

and:

### GENERAL TERMS

