DEC. 17. 2013  4:22PM    STATEFARMM INS/SIU                    NO. 870   P. 6/33

ELECTRONICALLY FILED
2013-Sep-20 10:55:06
60CV-13-3772

THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION
DIVISION_____

CHEVY OLDS                                                                PLAINTIFF

VS.                                    CASE NO._____

STATE FARM INSURANCE COMPANY
STATE FARM INSURANCE FIRE AND CASUALTY COMPANY;
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY;
STATE FARM INSURANCE COMPANIES;
and JOHN DOES 1-3                                                        DEFENDANTS

## COMPLAINT

COMES now the Plaintiff, Chevy Olds, by and through his attorney, Robert R. Cortinez II, and for his Complaint will state as follows:

### I. PARTIES TO THE CLAIM

1. Plaintiff, Chevy Olds, is, and has been at all times stated herein, a resident of North Little Rock, Pulaski County, Arkansas.

2. At the same time of the incident, Defendants, State Farm Insurance Company, State Farm Insurance Fire and Casualty Company, State Farm Mutual Automobile Insurance Company and State Farm Insurance Companies (hereinafter collectively referred as "State Farm") is/are a foreign company(ies) authorized to operate under the laws of the state of Arkansas and do business in Arkansas. Agent for Service is John Wells, 4600 East McCain Blvd, North Little Rock, Arkansas.

3. All facts herein complained of occurred in North Little Rock, Pulaski



County, Arkansas

4. John Does 1-3 are persons or corporations whose identities cannot be identified at this time being and are being included under a John Doe Affidavit as persons, employees or corporations who may be responsible in part or whole for Plaintiff's damages as complained herein. Attached hereto as *Exhibit A* is an *Affidavit* filed in accordance with Ark. Code Ann. § 16-56-125. The Plaintiff will amend his *Complaint*, if necessary, to specifically name the proper individual Defendants as they are further identified.

## II. STATEMENT OF JURISDICTION

5. This Court is a court of proper jurisdiction pursuant to Ark. C. Ann. §16-13-201 (Michie 1987).

76. This Court is a court of proper venue pursuant to Ark. C. Ann. §16-60-112 (Michie 1987).

7. This claim is also brought pursuant to this Court's jurisdiction over a breach of contract claims.

## III. STATEMENT OF THE CASE

8. State Farm sold two insurance policies to Defendant identified as polices No.: 04-C6-8278-2 and No.: 0770-335-04. Said policies provided theft and contents coverage. Said policies were in full force and effect at all times pertinent to this litigation. A copy of the declarations page has been requested from "State Farm"

and will be supplemented upon receipt. *See Exhibit "B" attached hereto.* Plaintiff is entitled to recovery benefits from "State Farm" on the terms and conditions of the policy agreement.

9. On or about April 24, 2010, Plaintiff's 2008 Mitsubishi Eclipse was stolen from the parking lot of the apartment complex were Plaintiff resides.

10. Subsequently, Plaintiff was notified by authorities that the insured vehicle was found burning on Broadway Avenue in Little Rock, Arkansas.

11. At the time of the incident herein, Plaintiff had in full force and effect with "State Farm" policies of insurance as identified hereinabove covering the subject vehicle with policy limits sufficient to make reimbursement to Plaintiff for his loss. Copies of the certified policies and declarations pages have been requested from "State Farm" and will be supplemented to this pleading.

12. Pursuant to and consistent with the terms of Plaintiff's insurance policies, Plaintiff timely notified a representative of "State Farm" of the loss and claim.

13. After an extensive and exhaustive investigation conducted by "State Farm" said Defendants without just cause, basis or explanation denied Plaintiff the benefits due him under the terms of his contract with Defendants.

14. The notice from "State Farm" refusing and denying payment of the claims are reflected in correspondence dated September 22, 2010 and September 23,

2010. A copy of said letters are attached hereto and incorporated herein as Exhibit "C" and "D", respectively.

## IV. BREACH OF CONTRACT

15. Under the terms of the insurance policies identified herein, Defendants were contractually obligated to specifically cover the claims made by Plaintiff for types of losses Plaintiff sustained to his stolen vehicle, and, further, compensate him for those losses in an amount not to exceed the limits of said polices.

16. Plaintiff timely complied with the claim notice requirements and submission of proof of loss as required under the terms of the policies, and further, fully cooperated with Defendant's investigation of the claims, to wit: Plaintiff was subjected to and required to submit to an examination under oath by Defendants.

17. Defendants have refused and denied Plaintiff's claims for loss without just cause and are thus in breach of their contractual agreements with Plaintiff. *See Exhibits "C" and "D", respectively.*

## V. BAD FAITH

18. Defendants' denial of Plaintiff's contractual claims for loss as clearly provided for under the terms of the subject insurance policies were affirmative in nature without just cause or basis. Additionally, Defendant's affirmative conduct in the denial of said claims was dishonest, oppressive or malicious.

19. Accordingly, Plaintiff is entitled to compensatory and punitive

damages for Defendants' tort of "Bad Faith" as cognizable under Arkansas law.

## VI. DAMAGES

20. As a result of Defendant's breach, Plaintiff has incurred damages for the total and complete loss of the insured vehicle and contents therein as follows:

a) Compensatory damages for vehicle, contents and other out of pocket expenses incurred by the Plaintiff in the past and reasonably certain to be incurred in the future due to the subject loss;

b) Incidental and consequential damages incurred by Plaintiff;

b) Damages for mental anguish visited upon Plaintiff due to State Farm's denial of his claim and their actions in "Bad Faith";

c) Punitive damages; and,

d) Attorney's fees, costs, statutory penalties and interest as allowed by law.

## VII. JURY TRIAL

21. Plaintiff demands a trial by jury.

## VIII. RESERVATION TO AMEND

22. Plaintiff specifically reserves his right to liberally amend this pleading.

WHEREFORE, Plaintiff, Chevy Olds, prays for judgment against Defendants for damages incurred as a result of Defendants' breach of contract, including, but not limited to, all incidental and consequential damages; for damages in excess of minimum amounts required in federal diversity jurisdiction actions; for

DEC. 17. 2013  4:25PM    STATEFARMM INS SIU                        NO. 870   P. 11/33

damages for mental anguish; for punitive damages; for statutory penalties and interest as allowed by law; for attorney's fees and costs now and in the future incurred, and, for all other just, proper and equitable relief to which he may be entitled. Plaintiff further demands a trial by jury.

                                  Respectfully submitted,

                                  CHEVY OLDS

                                  By: Robert R. Cortinez II (No. 91117)
                                  Law Office of Robert R. Cortinez II
                                  Attorney for Plaintiff
                                  P.O. Box 217
                                  Little Rock, AR 72203
                                  (501) 372-6000 (Office)
                                  (501) 372-4033 (Fax)